United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Colin A. Bollers
    Debtor

Case No. 20-10690-mdc
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: JEGilmore     Page 1 of 1     Date Rcvd: Jul 21, 2020
                  Form ID: pdf900     Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 23, 2020.
db         +Colin A. Bollers,   120 W. Sharpnack Street,   Philadelphia, PA 19119-4033

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: megan.harper@phila.gov Jul 22 2020 04:31:21    City of Philadelphia,
              City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
              Philadelphia, PA 19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 22 2020 04:31:00
              Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
              Harrisburg, PA 17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 22 2020 04:31:13    U.S. Attorney Office,
              c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                                                                        TOTAL: 3

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 23, 2020                                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 21, 2020 at the address(es) listed below:
          MICHAEL A. CATALDO2   on behalf of Debtor Colin A. Bollers ecf@ccpclaw.com,
           igotnotices@ccpclaw.com
          MICHAEL A. CIBIK2   on behalf of Debtor Colin A. Bollers ecf@ccpclaw.com,   igotnotices@ccpclaw.com
          REBECCA ANN SOLARZ   on behalf of Creditor   Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                    TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Colin A. Bollers <br>       Debtor <br><br> Lakeview Loan Servicing, LLC <br>       Movant <br> vs. <br><br> Colin A. Bollers <br>       Debtor <br><br> William C. Miller, Esquire <br>       Trustee | CHAPTER 13 <br><br> NO. 20-10690 MDC <br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$8,192.56**, which breaks down as follows;

Post-Petition Payments:      March 2020 to June 2020 at $1,790.39/month
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Arrears**      **$8,192.56**

2. The Debtor(s) shall cure said arrearages in the following manner;

     a). On or before July 31, 2020, the Debtor shall make a down payment in the amount of **$2,000.00**;

     b). Beginning on July 1, 2020 and continuing through December 1, 2020 until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,790.39** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,032.10 from July 2020 to November 2020 and $1,032.06 for December 2020** towards the arrearages on or before the last day of each month at the address below;

M&T Bank<br>
P.O. Box 1288<br>
Buffalo, NY 14240

     c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 26, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 7/9/2020

Michael A. Cataldo, Esquire
Attorney for Debtor

Date: 7/14/20

NO OBJECTION:

_William C. Miller, Esquire_
Chapter 13 Trustee

Approved by the Court this _21st_ day of _____July_____, 2020. However, the court retains discretion regarding entry of any further order.

_Magdeline D. Coleman_
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge